[Crim. No. 14305.    Second Dist., Div. Two.    June 20, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. RONDELL ALLEN CLYNE, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark Christiansen, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, Acting P. J.—Defendant appeals from the judgment entered against him following a nonjury trial that resulted in his conviction for the crime of possessing heroin in

violation of section 11500 of the Health and Safety Code. █ Appellant contends that the contraband found in his possession should not have been received in evidence against him since it was the result of an illegal search and seizure. We find this contention to be without merit.

Since appellant elected not to testify or to call any witnesses in his own behalf, the evidence presented is without conflict. Carmella Valle, the manager of a laundromat at 2643 North Figueroa Street, Los Angeles, California, testified that at approximately 1:15 a.m. she saw appellant and his codefendant, Beverly Ames, enter the restroom located inside her establishment. Appellant left the restroom and went to a neighboring market. He remained away for about an hour and then returned and again entered the restroom. Mrs. Valle thereupon called the police and related to them what she had observed.

Officer Kenneth Smith and his partner responded to the call and spoke with Mrs. Valle. They then approached the door of the restroom and "heard a male voice having a conversation with a female voice, and the male voice stated he had been in some sort of trouble at a market, and 'Let's get rid of the stuff and get out of here.' " A toilet was then heard flushing.

Officer Smith knocked on the door and requested that it be opened. The female voice inquired, "Who is it?" The officers then identified themselves but the occupants made no further response and did not open the door. Officer Smith then used the key given him by Mrs. Valle, the manager of the establishment, to open the restroom door. Inside the officers found appellant seated on the floor trying to prevent the opening of the door. Mrs. Ames was standing beside the toilet. On the floor in the small 4' by 5' room the officers observed several capsules containing heroin and a hypodermic needle.

Relying on *Britt* v. *Superior Court,* 58 Cal.2d 469 [24 Cal. Rptr. 849, 374 P.2d 817], and *Bielicki* v. *Superior Court,* 57 Cal.2d 602 [21 Cal.Rptr. 552, 371 P.2d 281], appellant contends that once he and his codefendant had taken sanctuary in a semi-public restroom, they were constitutionally protected from anyone overhearing their conversation from the outside and from any interference with their tenancy by others without their permission. It is apparent, of course, that neither case supports such contentions. In *Bielicki* and *Britt,* the court merely proscribed the surreptitious surveillance of the interiors of public restrooms "regularly and as a matter of course, upon each and every occupant of the toilet booths

involved in the hope of eventually obtaining evidence of the commission of some crime." (*Biclicki* v. *Superior Court*, *supra*, p. 608.)

The restroom involved in the instant case was intended for the convenience of persons using the laundromat's facilities. The manager of the establishment certainly had reason to seek the assistance of the police when both a man and a woman, who were not using the facilities, entered the single toilet together at 1:15 in the morning and the woman remained therein for over an hour. When Officer Smith, who had experience on the narcotics division, investigated the manager's complaint and heard appellant's reference to trouble in the market, a desire to "get rid of the stuff" and the sound of a flushing toilet, he had both the right and the duty to demand that the door be opened and when compliance was not forthcoming to gain entry with the consent of the manager.

The judgment is affirmed.

Fleming, J., and Nutter, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 14, 1968.

---

*Assigned by the Chairman of the Judicial Council.